IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jackie Logan, | ) | |
| | ) | C.A. No. 6:11-467-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Greenville Technical College, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is a civil action filed by a *pro se* litigant, Jackie Logan (Logan), appearing *in forma pauperis*. The case is before the court for review of the Report and Recommendation (Report) of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, which recommends dismissing Logan's complaint without prejudice.[1] The court adopts the Report and dismisses the complaint without prejudice and without issuance and service of process.

In his complaint, Logan asserts that he is suffering from racial discrimination by the defendant, Greenville Technical College (Greenville Tech), evidenced by Greenville Tech's refusal to disperse financial aid money prior to the start of classes. (Dkt. No. 1 at 3.) He states that Greenville Tech is "holding [the] money that [he] need[s] based on color just to see if a student . . . stay [sic] in school." (*Id*.) Logan seeks $5 million in damages for pain and suffering,

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

along with "passing grades of (C) and above." (*Id*.)

In his Report, the magistrate judge noted the paucity of factual allegations contained in the complaint, specifically noting that Logan failed "to identify his race" and did not claim that Greenville Tech's "aid-disbursement policy applies only to him or only to those of his same racial group." (Dkt. No. 18 at 1; *see also id*. at 3.) The magistrate judge ultimately recommended dismissing the complaint because Logan's factual allegations were "far too conclusory and lacking in detail to establish viable claims" against Greenville Tech. (*Id*. at 2.)

Logan timely filed objections to the Report. (Dkt. No. 22.) Logan's single specific objection protests the portion of the Report in which the magistrate judge noted that Logan's complaint failed to identify his race, stating, "[M]y records at Greenville Technical College will verify I'm African American . . . ." (*Id*. at 1.) However, Logan's single specific objection does not correspond to the magistrate judge's primary concern: that Logan did not claim that Greenville Tech's "aid-disbursement policy applies only to him or only to those of his same racial group." Logan's amended factual allegation does not countermand the remaining reasoning contained in the Report. As such, Logan's objection has no consequential bearing on the outcome of this case.

Additionally, Logan's objection states that "[t]he [g]raduation rate at Greenville Tech will verify [his] entire allegations [sic]." (*Id*.) The court finds this objection non-specific. The failure to file specific objections constitutes a waiver of a party's right to further judicial review, if the recommendation is accepted by the district court. *United States v. Schronce*, 727 F.2d 91, 93–94 (4th Cir. 1984). In the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds Logan's single specific objection unrelated to the dispositive portions of the Report. Further, his general objection is non-specific. Therefore, after a thorough review of the record and Report according to the standard set forth in this order, the court finds Logan's objections are without merit and adopts the Report. (Dkt. No. 18.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), it is therefore

**ORDERED** that Logan's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Timothy M. Cain  
United States District Judge

Greenville, South Carolina  
October 26, 2011

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.